# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-211 |
| | § | ALM-KPJ |
| RONALD WINN (6) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 1, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Gabriel Robles. The Government was represented by Heather Rattan.

Ronald Winn was sentenced on June 20, 2014, before the Honorable Richard A. Schell, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Distribute or Possess with the Intent to Manufacture or Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment of not more than 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Ronald Winn was subsequently sentenced to 90 months imprisonment, followed by a 3 year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, drug aftercare, a $100 special assessment fee, and a 5 year restriction of federal benefits. On November 3, 2015, the case was reassigned to the Honorable Amos L. Mazzant, III, United States District Judge for the Eastern District of Texas. On November 12, 2015, the Court granted a motion pursuant to Title 18 U.S.C.

§3582(c)(2), reducing the term of imprisonment to 70 months. On October 13, 2017, Ronald Winn completed his period of imprisonment and began service of the supervision term.

On February 14, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 230 Sealed]. The Petition asserted that Defendant violated eight (8) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the Defendant is released from the program by the probation officer; and (8) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

The Petition alleges that Defendant committed the following acts: (1) and (2) On November 28, 2017, Mr. Winn submitted a urine specimen that tested positive for methamphetamine. Defendant signed a written admission form confirming his illicit drug use; (3) On January 5 and 30, 2018, Mr. Winn failed to report as directed to the U.S. Probation Office in Plano, Texas. Mr.

Winn failed to submit a written report for the month of February 2018; (4) On January 4, 2018, the probation officer contacted Mr. Winn by telephone and he (Defendant) confessed to moving out of the last known residence, on or about December 31, 2017, and failing to notify the probation officer as directed. Defendant advised that he would be staying at the Salvation Army in Paris, Texas. Several attempts to locate the Defendant at the Salvation Army were unsuccessful and his whereabouts at the time of the Petition were unknown; (5) On January 2, 2018, Paris, Texas police officers conducted a traffic stop on Mr. Winn for a defective taillight. A female passenger, identified as Debby Ann Glover, was subsequently arrested for an outstanding felony warrant, and charged with felony drug possession after methamphetamine was found in her clothing. On January 29, 2018, members of the Paris, Texas Police Department, and Lamar County Sheriff's Department, were conducting surveillance on the home of a co-defendant, James Murray, located at 932 East Washington Street in Paris, Texas. The officers observed Mr. Winn, in and outside of the residence, along with Mr. Murray, for several hours, and eventually conducted a traffic stop on the Defendant after he left the house. No citation was issued at that time; however, Mr. Winn did not have permission to associate with this co-defendant; (6) On January 20, 2018, a Paris, Texas Police Officer conducted a traffic stop on Mr. Winn for speeding. Defendant was issued a warning; however, he has yet to notify the United States Probation Office of being questioned by this law enforcement official. On January 24, 2018, a Reno, Texas Police Officer conducted a traffic stop on Mr. Winn, for the purpose of investigating a potential theft. Defendant was released without arrest or citation; however, he has yet to notify the United States Probation Office of being questioned by this law enforcement official. Mr. Winn has also failed to notify the United States Probation Office of being stopped and questioned by law enforcement officials on the aforementioned dates of January 2 and 29, 2018, in Paris, Texas; (7) On December 22, 2017, Mr.

Winn failed to attend drug treatment as directed with Fletcher Counseling, Inc. in Plano, Texas. According to the Defendant's counselor, he has failed to contact the treatment provider in any manner since December 8, 2017; and (8) Mr. Winn failed to obtain a lawful occupation throughout the term of supervised release.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the allegations of the Petition. Having considered the Petition and the plea of true to allegations all of the allegations of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months of imprisonment with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons North Texas area facility, if appropriate.

**SIGNED this 12th day of March, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE